In re **JERRY–SUE FASHIONS, INC.** d/b/a **Miss Tee For Me, J & L Concepts, Toll Free and American Sweats,** Debtor.

**JERRY–SUE FASHIONS, INC., a Florida corporation, Plaintiff,**

v.

**MARKSHAM INTERNATIONAL, INC., a Florida corporation, Defendant.**

**Bankruptcy No. 88–517–BKC–SMW.**
**Adv. No. 88–0302–BKC–SMW–A.**

United States Bankruptcy Court,
S.D. Florida.

Aug. 19, 1988.

Ted H. Bartelstone, Hollander, Schiffrin & Bartelstone, Miami, Fla., for debtor.

Ronald G. Neiwirth, Miami, Fla., for defendant.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE came on before the Court on the 16th day of August, 1988, upon the Complaint of Jerry–Sue Fashions, Inc. d/b/a Miss Tee For Me, J & L Concepts, Toll Free and American Sweats (the "debtor") to Avoid and Recover for Transfers of Property Pursuant to Sections 547 and 550 of the Bankruptcy Code, 11 U.S.C. §§ 547 and 550; and the Court having heard the testimony, examined the evidence presented, observed the candor and demeanor of the witnesses, considered the arguments of counsel, and being otherwise fully advised in the premises, does hereby make the following findings of fact and conclusions of law:

The debtor sued the defendant under 11 U.S.C. §§ 547 and 550 to avoid and recover five payments which it had made to defendant on account of antecedent debts within 90 days prior to the filing of an involuntary petition for Chapter 7 relief against the debtor (it subsequently converted the case to a Chapter 11). Specifically, the debtor seeks to recover the following payments:

| | |
|---|---|
| 12/08/87 | $3,960.00 |
| 01/11/88 | 500.00 |
| 02/01/88 | 500.00 |
| 02/08/88 | 500.00 |
| 02/18/88 | 500.00 |

The defendant took the position that all of these payments fall within Section 547(c)(2) of the Code, which provides a complete defense to avoidance and recovery of the transfers:

"The trustee may not avoid under this section a transfer—

\* \* \* \* \* \*

(2) to the extent that such transfer was—

(A) in payment of a debt incurred by the debtor in the ordinary course of business or financial affairs of the debtor and the transferee;

(B) made in the ordinary course of business or financial affairs of the debtor and the transferee; and

(C) made according to ordinary business terms; ..."

■ The first payment ($3,960) was received by defendant only 36 days after the corresponding invoice; the Court finds that it clearly falls within the purview of Section 547(c)(2).

■ The remaining payments were all made on account of an invoice dated November 16, 1987. While the stated terms of the invoice were net 30 days, the Court finds that the parties had already established a course of conduct and dealing whereby the debtor occasionally made installment payments on large invoices and the defendant accepted payment in that manner. Under those circumstances, the second, third and fourth payment also fall within the Section 547(c)(2) defense.

The last $500 payment was actually made after the involuntary petition was filed on February 12, 1988. The defendant agrees that this $500 payment must be returned to the debtor.

Accordingly, this Court finds that the debtor is entitled to avoid the final payment and recover the $500 from the defendant, together with court costs of $120; a separate judgment shall be entered.